

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BANK OF NEW YORK,                     )
                                      )
                    Plaintiff,        )
                                      )
           v.                         )        No. 09 C 6405
                                      )
JOHN-OSIRUS, of the Family            )
JONES-EL, JOHN WOODWARD, and          )
J. JONES-EL,                          )
                                      )
                    Defendants.       )

## OPINION AND ORDER

Plaintiff the Bank of New York Mellon (formerly known as the Bank of New York) acting as the trustee of certain certificate holders (the "Bank") brought a suit in the Circuit Court of Cook County, Illinois in which it seeks to quiet title as to a residential property located in Chicago, Illinois.  The subject property was the security for a mortgage that the Bank previously foreclosed upon in an action in the same court.  One named defendant is John Woodward, who is identified in the complaint as the borrower on the foreclosed mortgage.  Defendant J. Jones-EL is alleged to be an "unknown individual who at times relevant to this proceeding has held himself out as agent for

John Woodward."  Defendant John-Osirus of the Family Jones-EL ("John-Osirus") is alleged to be "an unknown individual who at times relevant to this proceeding has signed and recorded documents related to the" subject property.  The Bank seeks a declaration that the documents recorded by John-Osirus are invalid and that the Bank has title to the subject property, as well as an injunction barring defendants from filing further claims.  There is also a separate quiet title count. John-Osirus[1] filed a notice of removal to this court.  He also moves to proceed *in forma pauperis* in this court.

John-Osirus alleges a "federal question has recently risen with the validity of a Security (15 U.S.C.) Claim of Commercial Lien and Affidavit that was legally placed on the Plaintiffs by due process, and filed with County Recorder of deeds."  Notice of Removal [1] at 1, ¶ 2.  In an attachment to the Notice of Removal (at 3), John-Osirus describes his theory as follows:

> The Line Claimant does NOT rely on Title 15 as a basis for the "Commercial Lien."  ALL Commercial processes, by using or relying on

---

[1] The docket incorrectly lists him as John Osirus.  The Clerk of the Court will be directed to amend the docket to identify the defendant as John-Osirus, of the Family Jones-EL. Also, the notice of removal failed to provide a copy of the complaint or list all defendants.  It was ordered that John-Osirus file a copy of the state court complaint, which he did. The Clerk will also be directed to amend the docket to list all the defendants named in the complaint.

notes or paper in Commerce (e.g. Federal
Reserve Notes), must bear some sort of
Federal tracking code, a County Recorder's
number or a serial number, which process
must be accessible for inspection at the
nearest relevant County Recorder's Office or
be widely advertised.  When a Lien matures
in three (3) months, ninety (90) days, by
default of the Lien Debtor through the Lien
Debtors failure to rebut the AFFIDAVIT OF
OBLIGATION point-for-point categorically, it
becomes an account receivable in the
ordinary sense of a collectable debt upon
which assignments, collateralization, and
other commercial transactions can be based,
hence becomes a Security subject to
observation, tracking, and regulation by the
United States Securities and Exchange
Commission (hereinafter U.S. S.E.C.).

The notation "A Security -- 15 USC" is a
flag in Commerce telling the U.S. S.E.C.
that a speculation account is being
established to enforce a lien.  The
U.S. S.E.C. can then monitor the process.
As long as the process is truthful, open,
and above-board (Full disclosure), the U.S.
S.E.C. has no jurisdiction over it, for even
the U.S. S.E.C. has no jurisdiction over the
truth of testimony, depositions, affidavits,
and affidavits of obligation (Commercial
Liens), and an unrebutted affidavit stands
as the truth in Commerce.

Legal Authority:  Universal
moral/existential truths/principles,
expressed in Judaic (Mosaic) Orthodox
Hebrew/Jewish Commercial Code, corollary to
Exodus (chiefly Exodus 20:15, 16).  This is
the best known Commercial process in
America.

When an Affidavit is so flagged in Commerce,
it becomes a Federal Document because it
could become translated into a Security (for
example by being attached in support of a
Commercial Lien), and not accepting and/or

> filing a Commercial Affidavit becomes a
> Federal offense.

A complaint not expressly pleading a federal question may be removed when the claims implicate significant federal issues. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-14 (2005). Federal courts are required to look beyond the face of the complaint to determine whether the complaint implicates or is controlled by federal law. Burda v. M. Ecker Co., 954 F.2d 434, 438 (7th Cir. 1992); Vivas v. Boeing Co., 486 F. Supp. 2d 726, 729 (N.D. Ill. 2007). The mere fact that a defense, even one of preemption, is based on federal law will not suffice as a basis for removal. However, removal will be appropriate if a federal statute so completely preempts the field that a claim otherwise denominated as being pursuant to state law must be viewed as a claim under the federal statute. Bennett v. Southwest Airlines Co., 493 F.3d 762, 762-63 (7th Cir. 2007).

The Bank filed this action to quiet title. As a counterclaim and/or defense, John-Osirus raises his interest that is purportedly tangential to federal security laws. Removal jurisdiction, however, cannot be based on a defense or counterclaim. This is not a situation, like Grable, where the plaintiff in a quiet title action is asserting a federal interest that involves a pure question of federal law. It is defendant John-Osirus who is relying on an interest that may involve a

- 4 -

question of federal law. Grable states a narrow basis for removal within which the present case does not fall. See generally Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700-01 (2006); Giles v. Chicago Drum, Inc., 631 F. Supp. 2d 981, 985-86 (N.D. Ill. 2009). The present case is based on state law quiet title law and therefore is not removable. Cf. Lakeshore Village LLC v. LaTulip, 2008 WL 4977352 (N.D. Ind. Nov. 19, 2008). Moreover, the purported federal basis for John-Osirus's security interest is frivolous; there being no support for it under federal law.

Since no non-frivolous basis for removal jurisdiction is stated, the motion to proceed in forma pauperis will be denied and this case will be remanded to state court. The Clerk of the Court will be directed to wait until November 20, 2009 to remand this case. If John-Osirus desires to seek reconsideration of the remand, he must move for reconsideration by no later than November 13, 2009.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to amend the docket (a) to reflect that the name of defendant "John Osirus" is actually John-Osirus of the Family Jones-EL and (b) to list John Woodward and J. Jones-EL as defendants. John-Osirus's motion to proceed in forma pauperis [3] is denied. The Clerk of the Court is further directed to remand this case to the Circuit Court of Cook County, Illinois,

County Department, Chancery Division.  Remand of this case is
stayed until November 20, 2009.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED:   OCTOBER   27 , 2009